In the Matter of a JUDICIAL
COMPLAINT UNDER 28
U.S.C. § 372.

No. 86–9009.

United States Court of Appeals,
Fourth Circuit.

Submitted June 16, 1986.

Decided July 17, 1986.

Before WINTER, Chief Judge.

HARRISON L. WINTER, Chief Judge:

This complaint presents the rather remarkable phenomenon of a successful litigant whose complaint is that success was not speedy enough and that the district judge, the subject of the complaint, engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts in the process of deciding for the complainant. I conclude that the complaint does not allege conduct prejudicial to the effective and expeditious administration of the business of the courts. Therefore I dismiss it.

I.

The complaint is filed by an individual, the publisher of a newspaper, who, together with the corporate owner and publisher of the paper, was sued for libel by X, an attorney at law. The complaint is against the district judge who was assigned or who was drawn to preside at the trial.

The complaint alleges that the newspaper, prior to the filing of the libel suit, had published a number of articles critical of the district judge including an assertion that the judge had presided in cases in which he had conflicts of interest. Because it was one of the district judge's severest critics, its attorney in the libel suit telephoned the clerk's office of the district court to ascertain if this particular district judge would be the presiding judge in that case. The attorney was told, it is alleged, by an unidentified person in the clerk's office that the judge had said that for a " 'personal' " reason he *probably* (emphasis supplied) would assign the case to another judge.

The newspaper apparently filed a motion to dismiss the libel case because, it is al-

leged, when its counsel received notice of a hearing thereon, he learned that the district judge would preside. Counsel immediately made inquiry of the district judge—apparently *ex parte*—asking if the latter intended to preside. It is averred that the district judge told counsel that he did not make the reported statement about the possibility of recusing himself to the clerk's office and that he saw no reason to recuse himself. When taxed by counsel about the critical statements previously published by the newspaper, the district judge allegedly said that he did not remember them. When counsel further said to the judge that defendants in the libel suit preferred not to accuse him formally of bias but they were convinced that he could not be impartial, the district judge said that he had no memory of the newspaper's criticisms of him and he felt no hostility toward the paper.

The defendants in the libel action then filed a motion for recusal supported by an affidavit to which were attached copies of the critical newspaper articles. At a hearing on the motion, the district judge presented a full refutation of the facts, matters and charges in the affidavit, including the charges made in the newspaper articles. In the course of the refutation, he denied ever having considered suing the newspaper or having discussed that possibility with others. He ruled that the motion was untimely and that the affidavit did not establish bias or prejudice so as to require his disqualification under 28 U.S.C. § 144, but he further ruled that, in accordance with the spirit articulated in 28 U.S.C. § 455 and to further the appearance of justice, he would recuse himself and would take no further action except to seek the assignment of another judge to preside in the case.

At a later date, the libel case was settled.

Finally, the complainant alleges that he has hearsay information from three persons that the district judge had expressed a desire to sue the newspaper and that he had sought to employ counsel for that purpose. Indeed the lawyer sought to be employed was the plaintiff in the libel suit which gives rise to this complaint.

On these facts, complainant charges that the district judge was untruthful when he said that he did not remember the numerous newspaper articles critical of him and when he said that he did not remember seeking counsel to represent him in an action against the newspaper based upon the articles. Therefore the complainant concludes that the district judge dissembled in order to preside over a case in which he was disqualified by the Code of Judicial Ethics from participating. The complainant says that if the complainant had not "fortuitously" learned about the district judge's actions, the defendants in the libel suit would have been subjected "to a deliberately biased legal proceeding", and, in any event, defendants were subjected to unnecessary legal fees in bringing about the district judge's recusal had he disqualified himself immediately as was proper.

## II.

Where, as here, I am confronted with the question of the legal sufficiency of a complaint under 28 U.S.C. § 372, I must treat the facts as alleged as true. At the outset, I stress that I have made no investigation of the facts beyond the allegations of the complaint and the selected pleadings and the transcript on the motion to recuse attached to the written complaint.

At the outset, I note that even if there was prevarication on the part of the district judge as alleged, there is no claim nor could there be any claim, that the motion was wrongly decided. Complainant may be dissatisfied with the reasons assigned by the district judge for his ruling and the promptness of the ruling, but the fact remains that the defendants in the libel case obtained the full relief that they requested.

An untruth on the part of a district judge in any part of the performance of his official duties is not to be commended, but what I must determine at this stage of this complaint is whether, if untruths they were, they constituted conduct prejudicial to the effective and expeditious administration of the business of the courts. I conclude that they did not.

Whether the office of the clerk of the district court was or was not told by the district judge that it was uncertain whether he would sit is of little consequence. That office did not purport to give counsel a definitive answer so that counsel must have understood that the question was open. When counsel received the notice of hearing on the motion to dismiss, I do not fault him, if he was fearful that a mistake had been made, for making inquiry of the judge as to whether he would sit. I do fault him, however, for his apparent attempt *ex parte* to persuade the judge to disqualify himself. But in any event counsel received the definite information that the judge intended to handle the case, and I cannot say that the truthfulness or untruthfulness of any of the judge's comments during that improper conversation had any prejudicial effect on the business of the courts. Once counsel was certain, as he was after this conversation, that the judge would sit, it was up to him to pursue his clients' rights under 28 U.S.C. § 144 if his clients so authorized. That is, of course, what was done and it resulted in the desired objective. Here again if the district judge told an untruth in the course of granting relief, he is not to be commended, but I conclude that when full relief is granted, an untruth spoken in the course of the proceedings cannot be claimed by the prevailing parties to have a prejudicial effect on the business of the courts. Certainly when the district judge recused himself when he was presented with a proper motion, the allegations that there was a deliberate attempt to conceal bias and to subject the defendants in the libel suit to a "deliberately biased legal proceeding" is conclusively refuted.

I also conclude that the complainant has no proper ground to allege that the district judge caused defendants in the libel case to expend unnecessary legal fees. When counsel was advised by the clerk's office that it was not certain that the district judge would recuse himself and when the district judge in response to the informal inquiry of counsel confirmed the fact that he would sit, the procedure followed thereafter, i.e., a motion to disqualify, a hearing and briefs thereon, were normal and proper procedures. It was not encumbent on the district judge to act on the informal suggestions and arguments of counsel. For purposes of possible appellate review, the district judge was eminently correct in requiring the parties to proceed strictly in accordance with the statutes, decided cases and rules of court. That compliance took time and involved the rendition of professional services for which compensation was expected is an inescapable result of our system of justice. A better system has yet to be developed.

Since I conclude that the complaint fails to allege conduct on the part of the district judge in violation of 28 U.S.C. § 372(c)(1), the complaint is hereby dismissed.

SO ORDERED.